```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE BARNHART, PAUL EICHAS,

                       Plaintiffs,           **DECISION**
v.                                            **and ORDER**

TOWN OF PARMA,                                07-CV-6056T

                       Defendant.
_____
```

INTRODUCTION

Plaintiffs Bruce Barnhart ("Barnhart") and Paul Eichas ("Eichas"), bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and 42 U.S.C. § 1983 claiming that they were discriminated against on the basis of their gender, and were retaliated against for making claims of discrimination. Defendant Town of Parma ("the Town") moves for summary judgment against the plaintiffs on grounds that they have failed to state a claim of discrimination or retaliation. In response to the defendant's motion, plaintiffs have withdrawn all claims relating to gender discrimination, but have reasserted their claims of retaliation. For the reasons set forth below, I grant defendant's motion for summary judgment, and dismiss plaintiffs' remaining claims of retaliation against the defendant.

BACKGROUND

The following facts are set forth in the Defendant's Statement of Material Facts submitted pursuant to Rule 56.1 of the Local Rules of Civil Procedure. Plaintiffs have not controverted the facts set forth therein, and accordingly, those acts are deemed admitted pursuant to Local Rule 56.1(c).[1]

Plaintiff Bruce Barnhart is a full-time employee of the Town of Parma working as a Mechanical Equipment Operator for the Town's Highway Department. Plaintiff Paul Eichas is a full-time employee of the Town of Parma working as a Heavy Mechanical Equipment Operator for the Town's Highway Department. Plaintiffs, in their complaint, complain that they were sexually harassed by their supervisor Al Leone ("Leone"). Barnhart claims that after he complained of the harassment and filed a charge of harassment with the Equal Employment Opportunities Commission, he was retaliated against by being assigned menial jobs, including "chipping brush," and by being denied vacation requests.

Eichas contends that Leone constantly threatened him, and verbally abused him by calling him, inter alia, "useless." According to Eichas, Leone treated all male employees in a

---

[1] Rather than oppose defendant's motion for summary judgment, plaintiffs' attorney Christina Agola filed a declaration stating that the plaintiffs had voluntarily withdrawn their gender discrimination claims. She further argued that because the defendant had not moved against the plaintiffs' retaliation claims, summary judgment on those claims would be inappropriate. It is clear, however, from defendant's notice of motion, that the defendant moved against all claims of the Compliant, and sought dismissal of the Complaint in its entirety.

"deplorable" manner, and did not subject female employees to such conduct.[2]  Eichas claims that after he informed Leone that he had retained counsel to investigate Leone's conduct, Leone retaliated against him by assigning him to menial tasks, and denying him vacation time.

DISCUSSION

I. <u>Defendants' Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986).

---

[2] It is uncontroverted that as of October 1, 2005, all field employees of the Highway Department were male, and that the only female employed by the Department was an office secretary.

II. <u>Plaintiffs' Title VII and Section 1983 Claims</u>

Plaintiffs allege in their Complaint that they were discriminated against on the basis their gender in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983. In their opposition to defendant's motion for summary judgment, the plaintiffs withdrew their discrimination claims, and as a result, those claims are dismissed with prejudice.

III. <u>Retaliation Claims</u>

Plaintiffs claim that they were retaliated against for complaining of harassment, retaining counsel to investigate claims of discrimination, and filing administrative complaints alleging discriminatory treatment.

To state a claim for retaliation, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected activity and adverse action. <u>Burlington Northern & Santa Fe Railway Co. V. White</u>, 548 U.S. 53, 68 (2006); <u>Holt v. KMI-Continental</u>, 95 F.3d 123, 130 (2d Cir. 1996), <u>cert</u>. <u>denied</u>, 1997 WL 71191 (May 19, 1997); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted). Should the plaintiff state a claim for retaliation, the defendant must then articulate a non-

discriminatory, legitimate reason for taking the action complained of. If the defendant sustains its burden, the plaintiff is then required to show that the employer's articulated reason is both untrue and a pretext for the true retaliatory motive. Id.

Plaintiffs allege that they were retaliated against by being assigned menial jobs such as chip brushing, and flagging traffic. It is uncontroverted, however, that chip brushing is one of the functions of a Mechanical Equipment Operator and a Heavy Mechanical Equipment Operator. Accordingly, assuming plaintiffs' claims to be true, the fact they were assigned to chip brush fails to state a claim for retaliation.

It is further uncontroverted that all field employees of the Highway Department were required to perform laborer work, and that all employees have been assigned the jobs of chipping brush or flagging traffic. As a result, plaintiffs have failed to establish that they were singled out from other employees for menial duties. Eichas testified that while on some occasions he performed more laborer work than other employees, on other occasions he performed less laborer work than other employees. Moreover, there is no claim or evidence that the plaintiffs suffered from any negative job action such as suspension, demotion, termination, or loss of pay or benefits.

Plaintiff Barnhart claims that he was denied a vacation request on one occasion, when he asked for two days off of work.

He admits, however, that the request was granted after he was told that vacation time needed to be taken in one week increments, and he resubmitted the request. Eichas also claims that he was denied vacation requests, but admits that he was also granted several vacation requests. He admitted that he requested many vacation days for the purpose of conducting his private landscaping business. Additionally, it is uncontroverted that vacation requests were not handled by Leone, but instead were approved or denied by Brian Speer, a Town employee who is not a party to this action, and against whom no allegations of discrimination or retaliation are made. With respect to plaintiff Eichas' claim that he was denied overtime on one occasion, such a claim does not state a claim for retaliation, and the uncontroverted facts establish that plaintiff was not entitled to work overtime on the project at issue.

Accordingly, for the reasons set forth above, I find that the plaintiffs have failed to state a claim under Federal or New York state law for discriminatory retaliation.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted, and plaintiffs' complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
September 22, 2010