UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE BARNHART, PAUL EICHAS,

                        Plaintiffs,          07-CV-6056

            v.                               **DECISION
                                             and ORDER**

TOWN OF PARMA,


                        Defendant.
_____

## INTRODUCTION

Plaintiffs, Bruce Barnhart ("Barnhart") and Paul Eichas ("Eichas"), timely filed this Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), and Fed. R. Civ. P. 60(b) ("Rule 60(b)"), on September 22, 2010, asking for this Court to reconsider its decision granting summary judgment on Plaintiffs' claim.  This Court entered a Decision and Order on September 22, 2010, granting the Town of Parma's ("Defendant" or "Town") motion for summary judgment, and dismissing Plaintiffs' complaint.

For the reasons set forth below, this Court denies the Plaintiffs' motion pursuant to Rules 59(e)and 60(b), because the Plaintiffs have failed to demonstrate the existence of exceptional circumstances to warrant reconsideration, or show that this Court overlooked controlling decisions or data that might reasonably be expected to alter the September 22, 2010 Decision and Order.

## BACKGROUND

Plaintiffs brought an action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1983, on January 27, 2007,

claiming they were discriminated against on the basis of their gender, and retaliated against for filing claims of discrimination. On March 29, 2010, Defendant Town of Parma filed a motion for summary judgment on the grounds that Plaintiffs failed to establish a claim for discrimination or retaliation.  In response to Defendant's motion, Plaintiffs filed a declaration withdrawing all claims related to gender discrimination, but reasserting their retaliation claims.

In a Decision and Order entered September 22, 2010, this Court granted Defendant's motion for summary judgment, and dismissed Plaintiffs' remaining retaliation claims.  Judgment was entered by the Clerk of the Court on September 23, 2010.  Plaintiffs now seek reconsideration of this Court's decision.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of <u>exceptional</u> circumstances." <u>Mendell v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), <u>aff'd</u>, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255 (2d Cir. 1995). A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case. <u>Sevenson Environmental Services, Inc. v. Shaw Environmental</u>, Inc., 246 F.R.D. 151, 153 (W.D.N.Y. 2007).

Rule 59(e) states that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Plaintiffs filed a timely motion for reconsideration. Plaintiffs argue that this Court erred in dismissing their claims on summary judgment because Defendant did not move against Plaintiffs' Title VII or NYSHRL retaliation claims. (Pl. Mem. at 2). Plaintiff further argues that this Court applied the wrong standard of law in deciding Plaintiffs' Title VII retaliation claims. (Pl. Mem. at 3).

This Court finds that the Plaintiffs have not pointed to any controlling decisions that the Court overlooked, and have not provided any new, material evidence that could affect this Court's judgment. As such, Plaintiffs have failed to meet the standard for this Court's reconsideration.

The Plaintiffs argue that this Court improperly granted summary judgment to the Town, because the Town did not seek dismissal of Plaintiffs' Title VII retaliation claims, and the merits of their Title VII retaliation claims were not before the Court. (Pl. Mem. at 2). However, the Town's motion for summary judgment clearly requested "judgment in Defendant's favor and against the Plaintiffs." (Def. Motion at 1). Further, the Town's Notice of Motion specifically stated the Town sought "... an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss plaintiffs' complaint; and for such other and further relief as the Court deems just and proper." (Dkt. No. 43). Hence, Plaintiffs' argument is unpersuasive, as Defendants indeed moved this Court for summary judgment on all of Plaintiffs' claims, and this Court dismissed Plaintiffs' entire complaint accordingly. Further, Plaintiffs had a full and fair opportunity to support their claims at the time of the Town's motion, and have now again failed to submit any new or material evidence to support their claims that summary judgment was improperly granted.

Plaintiffs next argue that this Court applied the wrong standard of law to Plaintiffs' Title VII retaliation claims. Here

too, Plaintiffs' argument is unpersuasive.  The Decision and Order dismissing the complaint lays out the following standard for a prima facie Title VII retaliation claim: Plaintiff must establish (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected activity and adverse action.  <u>See</u> <u>Decision and Order</u> citing <u>Burlington Northern & Santa Fe Railroad Co. v. White</u>, 548 U.S. 53, 68 (2006). (Decision and Order at 4).

But Plaintiffs argue that this Court applied the standard incorrectly.  (Pl. Mem. at 4).  Specifically, Plaintiffs cite the Court's language describing the lack of evidence showing any "negative job action" suffered by Plaintiffs.  <u>Id.</u>  In noting the lack of "negative job action" evidence, the Court was speaking directly to the adverse employment element of Title VII's retaliation framework.

An adverse employment action for the purposes of a retaliation claim must be "materially adverse," meaning actions that might dissuade a reasonable worker from making or supporting a charge of discrimination.  <u>Burlington Northern & Santa Fe Railway Co.</u> at 126 (2006).  The record revealed that Plaintiffs did not suffer any adverse employment action after filing their NYSHRL or Title VII claims, and the Court correctly noted this fact in its analysis of Plaintiffs' case within the Title VII retaliation framework.

Indeed, the menial tasks Plaintiffs cited as retaliation were common jobs regularly assigned to and performed by all of the highway department's road workers.  Thus, such work could not be considered an employment action that would dissuade a reasonable worker from making or supporting a charge of discrimination.  Hence, this Court did not err in applying the correct standard of law to Plaintiffs' retaliation claims, and Plaintiffs' second argument must fail.

Thus, Plaintiffs' motion pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) seeking to reconsider the September 22, 2010 Decision and Order of this Court is denied.

### CONCLUSION

Plaintiffs' request that this Court reconsider its Decision and Order of September 22, 2010 is denied in accordance with this decision.  This action is hereby dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          June 28, 2011